**JENKS, Admr.**

v.

**OHIO DEPARTMENT OF YOUTH SERVICES.**

Court of Claims of Ohio.

No. 91–08999.

Decided May 4, 1993.

*Martha K. Landesberg* and *Marc D. Mezibov,* for plaintiff Arlene Jenks.

*Lee Fisher,* Attorney General, *Teri Jo Ravetto* and *Rosa P. Wright,* Assistant Attorneys General, for defendant.

RUSSELL LEACH, Judge.

On March 1, 1993, this matter was tried to the court on the sole issue of liability. After all the evidence was presented, the parties requested that closing arguments be made in the form of post-trial briefs. The court granted the request. The schedule for filing the briefs was as follows: (1) plaintiff's brief was to be filed on or before March 12, 1993; (2) defendant's brief was to be filed on or before March 19, 1993; and (3) plaintiff was to file a reply brief on or before March 26, 1993. All briefs were timely filed. Upon consideration of the evidence and arguments of counsel, the court renders the following decision.

Most of the facts in this matter were stipulated to by the parties. The stipulated facts, in pertinent part, are as follows:

1. On June 18, 1993, pursuant to an order of the Clark County Court of Common Pleas, James Louden, a juvenile, was released from institutional custody at the Riverview School for Boys and placed on "Aftercare Status";

2. Among the terms and conditions for Louden's Aftercare placement agreed to by defendant and Louden, and approved and ordered by the Clark County Court of Common Pleas, were:

"a. Attend drug/alcohol counseling sessions, as required;

"b. Do not purchase, own, possess, use or have under control any weapons such as firearms, knives, etc.; and

"c. Do not use and abuse drugs and alcohol, and do not frequent places where alcohol and/or drugs are used[.]"

3. On August 9, 1992, defendant placed Louden at the Youth Drug Program ("YDP") in Dayton, Ohio, for Aftercare supervision and drug counselling;

4. During his stay at YDP, Louden confessed to a YDP employee that while at YDP, he had been using drugs;

5. On April 16, 1993, defendant placed Louden in the home of Mr. and Mrs. U.L. Cooper in West Carrollton, Ohio, and defendant's employee, Gary Martin ("Martin"), was assigned as Louden's parole officer;

6. On June 5, 1993, David Jenks, age twelve, was raped and murdered in West Carrollton, Ohio;

7. On July 15, 1993, Louden was convicted of the aggravated murder and rape of David Jenks;

8. Plaintiff is the administrator of the estate of David Jenks.

Based on the evidence presented at trial, the court finds that:

1. Martin was aware of Louden's confessed drug use during his placement at YDP;

2. Martin was aware that Louden had been caught by a YDP employee with drugs in his possession;

3. Martin was aware that while placed in the Cooper home, Mr. Cooper had found Louden with a knife in his possession;

4. Martin did not comply with Ohio Adm.Code 5139–5–13, which provides in pertinent part that:

"(B) * * * [y]ouths on * * * [Aftercare Status] who commit * * * felonies or misdemeanors under state or federal laws shall not be returned to institutional custody through this [defendant's] revocation procedure. Where [a defendant] employee has knowledge that a violation of law has occurred or may have occurred, this information shall be referred to the appropriate law enforcement officials * * *.

"(C)(1) Whenever a youth released from * * * [a defendant] institution and placed on Aftercare [Status] is believed to have violated any of the conditions of release, other than a criminal act, the violation shall be collaborated by reliable evidence and immediately reported by the * * * [parole officer] through channels to the Regional Administrator * * *."

■ Plaintiff filed this claim against defendant to recover damages for the fatal injuries sustained by David Jenks. Plaintiff's claim for a right to relief sets forth a cause of action sounding in negligence. More particularly, plaintiff asserts that defendant was *negligent per se,* because Martin failed to comply with Ohio Adm.Code 5139–5–13, *i.e.,* had knowledge that Louden committed crimes and violated the terms of his Aftercare placement, and did not report such to the appropriate parties.

Defendant argues that plaintiff's claim should be denied because Ohio Adm. Code 5139–5–13 was repealed by the subsequent enactment of Am.Sub.H.B. No. 440 in 1981. More specifically, Am.Sub.H.B. No. 440 sets forth R.C. 5139.18(D), which defendant contends gives its employees discretion in determining what course of action to take when a juvenile on Aftercare status has violated the terms and conditions of his release, and such discretionary acts are immune from liability.

■ A defendant is *negligent per se* where, by law, the defendant has a legal duty to do or omit to do a definite act, and the defendant fails to comply with that duty. For the defendant to be liable to a plaintiff for such negligence, plaintiff must prove by a preponderance of the evidence that the defendant's failure to

perform the legal duty proximately resulted in injury to the plaintiff. 70 Ohio Jurisprudence 3d (1986) 254–255, Negligence, Section 134.

In the case at bar, the court is willing to assume for the purpose of analysis that: (1) Ohio Adm.Code 5139–5–13 was not repealed by Am.Sub.H.B. No. 440; and (2) Ohio Adm.Code 5139–5–13 imposed a legal reporting duty on Martin (caveat—see *Kirwin v. Adjutant Gen.* (1992), Ct. of Cl. No. 90–09860, unreported). Therefore, the issue in this matter is pared to whether Martin's failure to comply with Ohio Adm.Code 5139–5–13 was the proximate cause of David Jenks' fatal injuries.

An issue of proximate cause is a factual issue to be decided by the trier of fact. 70 Ohio Jurisprudence 3d (1986) 414, Negligence, Section 213. The court, as the trier of fact, finds that plaintiff has failed to prove by a preponderance of the evidence that Martin's failure to comply with Ohio Adm.Code 5139–5–13 was the proximate cause of David Jenks' fatal injuries.

In view of the above, the court finds that plaintiff has failed to prove by a preponderance of the evidence that she has a right to relief. Accordingly, the court hereby renders judgment for defendant.

*Judgment for defendant.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.